**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Manuel GUERRERO,**
**Defendant–Appellant.**

No. 03–41297.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 24, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Kimberly S. Keller, The Keller Group, San Antonio, TX, for Defendant–Appellant.

Before GARZA, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Jose Manuel Guerrero appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute more than 100 kilograms of marijuana. He argues that the district court erred in imposing his sentence based on the mandatory United States Sentencing Guidelines scheme held unconstitutional in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because the Government explicitly does not rely on the appeal waiver, we do not enforce it. *United States v. Rhodes,* 253 F.3d 800, 804 (5th Cir.2001). Because Guerrero did not raise this issue in the district court, review is limited to plain error. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed,* No. 04–9517 (U.S. Mar. 31, 2005). The district court's application of the mandatory Guidelines sentencing scheme is error that is plain. *Id.* However, Guerrero has not met his burden to establish that the error affected his substantial rights as he has not shown that the sentencing judge would have reached a significantly different result under an advisory sentencing scheme rather than a mandatory one. *Id.* at 521. Therefore, Guerrero has not shown that the district

---

court's imposition of his sentence constituted reversible plain error. Accordingly, Guerrero's sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under